# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **GARTH FARR HEINER,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:13-cv-364-DN-PMW** |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,** | **District Judge David Nuffer** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Federal National Mortgage Association ("FNMA") and U.S. Bank, N.A.'s (collectively, "Defendants") motion to dismiss,[2] (2) Garth Farr Heiner's ("Plaintiff") two motions for leave to amend his complaint,[3] (3) Plaintiff's motion for this court to take jurisdiction over a pending state court case[4] and Defendants' motion to remand;[5] and (4) Defendants' motion to strike one of Plaintiff's filings.[6] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to

---

[1] *See* docket no. 5.

[2] *See* docket no. 11.

[3] *See* docket nos. 13, 17.

[4] *See* docket no. 24.

[5] *See* docket no. 27.

[6] *See* docket no. 22.

civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

At the outset, the court notes that Plaintiff has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[7] As such, in addition to addressing the motions referenced above, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

Plaintiff filed his complaint on May 28, 2013, against Defendants; eleven other entities, agencies and individuals; and fourteen John or Jane Does. Plaintiff's claims arise from the foreclosure of a house where he previously resided in Riverdale, Utah. According to the complaint, this home was owned by his son, and they both lived there together. Although his son owned the home, Plaintiff alleges that he owned a workshop located on the subject property. At an unspecified time, Plaintiff's son moved to Salt Lake City, and Plaintiff thereafter lived in the subject home alone. Plaintiff's son defaulted on the payment obligation due under the mortgage of the subject home, and the home went to foreclosure. FNMA ultimately purchased the home at a trustee's sale on March 2, 2012. After the foreclosure, Plaintiff alleges that he received a notice to vacate the property, and ultimately moved out of the subject home and lost his workshop.

---

[7] *See* docket no. 2.

Plaintiff asserts causes of action against all of the named defendants in his complaint because they allegedly failed to inform him that he could have purchased the home from FNMA. Plaintiff alleges claims for conversion, negligence, breach of the covenant of good faith and fair dealing, and civil conspiracy. Plaintiff alleges that he is entitled $15,000.00 in damages to replace his workshop. Plaintiff further alleges that he is entitled to actual damages of $200,000.00 and consequential damages for loss of the subject home. Finally, Plaintiff alleges that he is entitled to punitive damages of $1,000,000.00.

Plaintiff claims that this court has jurisdiction to hear his claims pursuant to 28 U.S.C. §§ 1331 and 1332. Plaintiff admits that he is a resident of Utah. He also asserts that several named defendants reside in Washington, D.C., that other named defendants reside in Utah, and that other named defendants reside in Florida.

In response to Plaintiff's original complaint, on August 21, 2013, Defendants filed their motion to dismiss pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1). Plaintiff subsequently filed two motions to amend his complaint. In his proposed amended complaint, Plaintiff attempts to alter the named defendants and to add a cause of action for declaratory relief.

On November 12, 2013, Plaintiff filed a document entitled "Proposed Settlement."[8] In response, Defendants filed a motion to strike that filing.

---

[8] Docket no. 21.

On December 5, 2013, Plaintiff filed his motion for this court to take jurisdiction over a state court case ("State Court Case"). [9] In the State Court Case, Plaintiff makes substantively the same allegations as he has made in this case. On December 16, 2013, Defendants opposed that motion and, to the extent this court considered Plaintiff's motion as a notice of removal, moved to remand the State Court Case.

## ANALYSIS

### I. Defendants' Motion to Dismiss

In this motion, Defendants seek dismissal of Plaintiff's original complaint pursuant to rule 12(b)(1). *See id*.

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a [motion under rule 56 of the Federal Rules of Civil Procedure].

*Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citations omitted).

---

[9] *See* docket no. 20, Exhibits A-C; docket no. 26, Exhibit A. The court takes judicial notice of the State Court Case for purposes of this report and recommendation. *See* Fed. R. Evid. 201(b).

Defendants argue that Plaintiff's original complaint fails to establish jurisdiction under 28 U.S.C. §§ 1331 or 1332. The court will address those arguments in turn.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quotations and citation omitted) (second alteration in original).

Defendants argue that none of Plaintiff's claims in his original complaint are based upon federal law. The court agrees. All of the claims in Plaintiff's original complaint are based exclusively on state law. As such, Plaintiff's original complaint fails to establish federal question subject matter jurisdiction under 28 U.S.C. § 1331.

"To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties . . . ." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Complete diversity of citizenship means that a plaintiff must show diversity for each defendant or face dismissal. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).

Defendants argue that Plaintiff's original complaint fails to establish jurisdiction under 28 U.S.C. § 1332 because it does not allege complete diversity. Again, the court agrees. In his original complaint, Plaintiff alleges that he is a resident of Utah. At the same time, Plaintiff avers that other named defendants are also residents of Utah. Accordingly, there is a lack of complete diversity in this case and, consequently, Plaintiff's original complaint fails to establish subject matter jurisdiction under 28 U.S.C. § 1332.

For these reasons, the court concludes that Plaintiff's original complaint fails to establish subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332. Accordingly, Defendants' motion to dismiss should be granted, and all of Plaintiff's claims against them should be dismissed.

## II. Plaintiff's Remaining Claims

In addition to addressing the claims against Defendants, the court will address the sufficiency of Plaintiff's remaining claims. *See* 28 U.S.C. §1915(e)(2)(B)(ii). Whenever the court authorizes a party to proceed without payment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *Id*. In addition, it is well settled that the court has a duty to raise and determine *sua sponte* under rule 12 whether subject matter jurisdiction exists in a particular case. *See* Fed. R. Civ. P. 12(h)(3); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

In determining whether a complaint fails to state a claim for relief under the IFP statute, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

As indicated above, the court concludes that Plaintiff's original complaint does not establish subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. Accordingly, Plaintiff's original complaint should be dismissed in its entirety.

### III. Plaintiff's Motions for Leave to Amend

Plaintiff has filed two motions for leave to amend his complaint. Those motions are governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

Defendants argue that Plaintiff's proposed amended complaint would be futile. Specifically, Defendants assert that Plaintiff's proposed amended complaint suffers from the same inadequacies as his original complaint, namely, that it fails to establish subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332. Defendants also contend that Plaintiff's proposed amended complaint is futile because it is subject to dismissal based on the *Colorado River*

doctrine.[10]  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-

819 (1976).  For the following reasons, the court agrees with Defendants' arguments.

First, Plaintiff's proposed amended complaint does not establish federal question

jurisdiction under 28 U.S.C. § 1331.  In an apparent attempt to avoid dismissal on that ground,

Plaintiff has included a cause of action for declaratory relief in his proposed amended complaint.

However, a cause of action for declaratory relief "does not confer jurisdiction upon federal

courts, so the power to issue declaratory judgments must lie in some independent basis of

jurisdiction."  *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th

Cir. 1996) (citations omitted).  In this case, no independent basis for jurisdiction exists.

Plaintiff's proposed amended complaint, like his original compliant, contains causes of action

brought exclusively under state law.

Second, Plaintiff's proposed amended complaint does not establish jurisdiction under 28

U.S.C. § 1332.  In his proposed amended complaint, Plaintiff attempts to alter the named

defendants to create complete diversity of citizenship.  At the same time, however, Plaintiff

admits that his proposed amended complaint does not meet the jurisdictional amount requirement

of 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1332(a) (providing that the federal district courts shall

have diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum

or value of $ 75,000, exclusive of interest and costs").  Indeed, in one of his motions to amend,

Plaintiff indicates that "[t]he $75,000.00 threshold is not insurmountable; I lack the resources

---

[10] Although it appears that this argument could have been included as part of Defendants' motion
to dismiss, they did not raise it until they filed their opposition to Plaintiff's motions to amend
his complaint.  Accordingly, the court will address it only as it applies to Plaintiff's proposed
amended complaint.

available to [sic] in law to establish it."[11]  Moreover, even assuming for the sake of argument that

Plaintiff could recover his $15,000.00 claim for damages related to the loss of his workshop, any

recovery would be limited to that amount and would exclude his claims for actual and

consequential damages for loss of the subject home, as well as his $1,000,000.00 claim for

punitive damages.  As for actual and consequential damages, Plaintiff admits that he did not own

the subject home.  As such, he could not recover any actual or consequential damages for the loss

of that home.  With respect to punitive damages, when such a damages claim makes up the bulk

of the amount in controversy requirement, the court should scrutinize that claim.  *Anthony v. Sec.*

*Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996) ("When a claim for punitive damages makes

up the bulk of the amount in controversy, and may even have been colorably asserted solely to

confer jurisdiction, we should scrutinize that claim closely."); *see also Hunter v. D.C.*, 384 F.

Supp. 2d 257, 261 (D.D.C. 2005) ("When the existence of federal jurisdiction depends on a

claim for punitive damages, the court should scrutinize the punitive damage claim to ensure that

it has at least a colorable basis in law and fact. . . . Liberal pleading rules are not a license for

plaintiffs to shoehorn essentially local actions into federal court through extravagant or invalid

punitive damage claims." (quotations and citation omitted) (alteration in original)).  The court

concludes that Plaintiff has failed to plead sufficient factual allegations that would support an

award for punitive damages in this case.  Plaintiff bears the burden of proof to establish that his

proposed amended complaint satisfies the jurisdictional amount requirement, and he has not

carried that burden.  *See Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the

jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the

---

[11] Docket no. 13 at 5.

party invoking federal jurisdiction bears the burden of proof." (quotations and citation omitted));

*Watson v. Blankinship*, 20 F.3d. 383, 386 (10th Cir. 1994) ("When federal subject matter

jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must

show that it does not appear to a legal certainty that they cannot recover at least [the

jurisdictional amount].").

Finally, even if Plaintiff could somehow establish subject matter jurisdiction in this court,

the court concludes that Plaintiff's proposed amended complaint would be futile because it

would be subject to dismissal under the *Colorado River* doctrine. In general, "the pendency of

an action in the state court is no bar to proceedings concerning the same matter in the Federal

court having jurisdiction." *Colorado River*, 424 U.S. at 817 (quotations and citation omitted).

"But, at times, 'reasons of wise judicial administration' must weigh in favor of 'permitting the

dismissal of a federal suit due to the presence of a concurrent state proceeding.'" *D.A.*

*Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (quoting

*Colorado River*, 424 U.S. at 818). The "*Colorado River* doctrine applies where, as here, [the

court] must decide whether such a state of affairs should continue--in other words, whether a

district court should have stayed or dismissed a federal suit pending the resolution of a parallel

state court proceeding." *Id*. (quotations and citation omitted). The *Colorado River* court

provided four factors to consider in determining whether dismissal under the doctrine is

appropriate. *See Colorado River*, 424 U.S. at 818-19. "These four factors are: (1) whether the

state or federal court first assumed jurisdiction over the same res; (2) 'the inconvenience of the

federal forum'; (3) 'the desirability of avoiding piecemeal litigation'; and (4) 'the order in which

jurisdiction was obtained by the concurrent forums.'" *ASC Utah, Inc.*, 705 F.3d at 1234 (quoting

*Colorado River*, 424 U.S. at 818). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. In this case, the court concludes that those factors weigh in favor of dismissal of Plaintiff's proposed amended complaint, which would make its filing futile. It is undisputed that the State Court Case was filed first, meaning that the state court first assumed jurisdiction. *See id*. In addition, the court concludes that Plaintiff is attempting to pursue his claims in a piecemeal fashion in this case and the State Court Case, which are based on the same substantive allegations. *See id*. For these reasons, the court concludes that, even if Plaintiff could establish subject matter jurisdiction in this court, the filing of his proposed amended complaint would be futile because it would be subject to dismissal under the *Colorado River* doctrine.

Based on the foregoing, the court concludes that Plaintiff's two motions for leave to amend his complaint should be denied.

### IV. Plaintiff's Motion to Take Jurisdiction and Defendants' Motion to Remand

Plaintiff moves the court to take jurisdiction of the State Court Case. Defendants oppose Plaintiff's motion. In addition, Defendants move the court for an order of remand, provided the court construes Plaintiff's motion as a notice of removal.

The court first addresses Plaintiff's motion, which the court will construe as an attempt by Plaintiff to remove the State Court Case to this court. The only avenue available for Plaintiff to have the State Court Case removed to this court is to comply with the relevant statutory requirements. Pursuant to 28 U.S.C. § 1441(a),

> any civil action brought in a State court of which the district courts
> of the United States have original jurisdiction, may be removed by

> the defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

28 U.S.C. § 1441(a). In addition, 28 U.S.C. § 1446(b)(1) provides that a notice of removal must

be filed within thirty days after the defendant or defendants are served with the complaint in a

state court case. *See id*. § 1446(b)(1).

Defendants argue that Plaintiff's motion should be denied because he has failed to follow

the correct procedures for removal. The court agrees. Plaintiff never filed an actual notice of

removal under 28 U.S.C. § 1441(a). Instead, he filed a motion for this court to take jurisdiction

of the State Court Case. Furthermore, even if the court were to construe Plaintiff's motion as a

proper notice of removal, it was not filed in a timely fashion under 28 U.S.C. § 1446(b)(1). The

State Court Case was filed on June 14, 2013, and an answer to the complaint in that case was

filed on August 12, 2013. Plaintiff did not file his motion for this court to take jurisdiction of the

State Court Case until December 5, 2013, well after the thirty-day time limit provided in 28

U.S.C. § 1446(b)(1).

For those reasons, the court concludes that Plaintiff's motion for the court to take

jurisdiction over the State Court Case should be denied. Because the court did not consider

Plaintiff's motion as a proper notice of removal, and because the State Court Case was never

actually removed to this court, Defendants' motion to remand the State Court Case should be

deemed moot.

## V. Defendants' Motion to Strike

In this motion, Defendants seek a court order striking Plaintiff's filing of a document entitled "Proposed Settlement."[12]  Because the court did not consider that filing in ruling on any of the motions referenced in this report and recommendation, there is no need to strike the filing. Accordingly, Defendants' motion to strike that filing should be deemed moot.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1.    Defendants' motion to dismiss[13] be **GRANTED**, and all of Plaintiff's claims against Defendants be **DISMISSED**.

2.    All of Plaintiff's remaining claims be **DISMISSED** pursuant to the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3.    Plaintiff's two motions for leave to amend his complaint[14] be **DENIED**.

4.    Plaintiff's motion for this court to take jurisdiction over a pending state court case[15] be **DENIED**, and Defendants' motion to remand[16] be deemed **MOOT**.

5.    Defendants' motion to strike one of Plaintiff's filings[17] be deemed **MOOT**.

\* \* \* \* \*

---

[12] Docket no. 21.

[13] *See* docket no. 11.

[14] *See* docket nos. 13, 17.

[15] *See* docket no. 24.

[16] *See* docket no. 27.

[17] *See* docket no. 22.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 26th day of February, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge