IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARTH FARR HEINER,<br><br>                       Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>                     Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 2:13-cv-364-DN<br><br>District Judge David Nuffer |

      The Report and Recommendation issued by United States Magistrate Judge Paul M. Warner on February 26, 2014 recommends that this Court grant the motion to dismiss filed by Defendant Federal National Mortgage Association ("FNMA") and U.S. Bank, N.A. ("U.S. Bank") (collectively, "Defendants"); dismiss Mr. Heiner's remaining claims pursuant to the authority of the IFP statute; deny Mr. Heiner's two motions for leave to amend his complaint; deny Mr. Heiner's motion for this Court to take jurisdiction over a pending State Court Case; deem moot Defendants' corresponding motion to remand; and deem moot Defendants' motion to strike one of Mr. Heiner's filings.[1]

      The parties were notified of their right to file objections to the Report and Recommendation within 14 days of service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Mr. Heiner filed an objection to the Report and Recommendation,[2] and Defendants filed a response to that objection.[3]

---

[1] Report and Recommendation, docket no. 29.

[2] Opposition to Magistrate Report and Recommendation Motion for Appointed Attorney Discretionary Relief ["Opposition to Magistrate Report and Recommendation"], docket no. 30, filed March 6, 2014.

[3] Response to Objection to Magistrate Judge's report and Recommendation, docket no. 32, filed March 18, 2014.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(3), de novo review of all materials, including the record that was before the magistrate judge and the reasoning set forth in the Report and Recommendation, has been completed. The analysis and conclusion of the magistrate judge are correct and the Report and Recommendation will be ADOPTED. No hearing will be held concerning the objection.[4]

Mr. Heiner, a pro se litigant, failed to establish subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332 because he failed to raise any claim arising under federal law and has not alleged complete diversity. Thus, Mr. Heiner's claims must be dismissed.

Even construing the proposed amended complaint in the light most favorable to Mr. Heiner, subject matter jurisdiction still would not be established because the proposed amended complaint does not resolve the jurisdictional deficiencies. Amendment would be futile and there is no basis to grant leave to amend the original complaint when amendment is futile.[5]

In addition, even if Mr. Heiner's proposed amendments were allowed, and his complaint could be construed to overcome the jurisdictional hurdles, the case would still be subject to dismissal under the *Colorado River* doctrine. The State Court Case, which addresses claims that are substantially similar to Mr. Heiner's claims in this case, is being heard in a state court that established jurisdiction before this case was filed.[6] Having two courts adjudicate claims that are virtually identical is inconvenient, inefficient, and creates piecemeal litigation.[7]

---

[4] DUCivR 72-3(b) ("Unless otherwise ordered by the assigned district judge, no response need be filed and no hearing will be held concerning an objection to a magistrate judge's order pursuant to Fed. R. Civ. P. 72(a) and 28 [U.S.C.] § 636 (b)(1)(A).").

[5] *Fields v. City of Tulsa*, 753 F.3d 1000, 1013 (10th Cir. 2014) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

[6] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-19 (1976) (upholding dismissal of federal case where a parallel state court proceeding would be more appropriate forum).

[7] *Id.* at 818.

Furthermore, Mr. Heiner's motion for the Court to take jurisdiction over the State Court Case will be denied. Even if it had been filed as a motion for removal under 28 U.S.C. § 1441, it would have been filed untimely.[8]

Likewise, Defendants' corresponding motion to remand, which was filed in response to Mr. Heiner's motion for the Court to take jurisdiction, is moot because the State Court Case never was actually removed to this Court. There is no need to consider a remand.

Finally, Defendants have moved to strike the "Proposed Settlement" that was submitted by Mr. Heiner.[9] That document has no bearing on the Report and Recommendation or on this Order. Accordingly, the motion to strike the "Proposed Settlement" will be deemed moot because the "Proposed Settlement" makes no difference to the outcome of this case.

Nothing in Mr. Heiner's objection[10] or later-filed motions to appoint counsel[11] show that these conclusions are incorrect. Most importantly, Mr. Heiner fails to substantively challenge the Report and Recommendation. On that basis alone dismissal is appropriate.[12]

## Appointment of Counsel is Inappropriate

Mr. Heiner incorrectly argues that he was unlawfully denied appointed counsel. This is not a new argument from Mr. Heiner, as it was raised and rejected during the prior proceedings of this case.[13]

---

[8] 28 U.S.C. § 1446(b)(1) (allowing notice of removal to be filed within thirty days after defendants are served with the complaint).

[9] Proposed Settlement, docket no. 21, filed November 12, 2013.

[10] Opposition to Magistrate Report and Recommendation, docket no. 30, filed March 6, 2014.

[11] Opposition to Magistrate Report and Recommendation Motion for Appointed Attorney Discretionary Relief ["Motion for Appointed Attorney"], docket no. 31, filed March 6, 2014; First Amended Motion to Appoint an Attorney for Plaintiff with Supporting Memorandum & Affidavit, docket no. 33, filed June 6, 2014; First [sic, *Second*] Amended Motion to Appoint an Attorney for Plaintiff with Support Memorandum & Affidavit, docket no. 34, filed June 17, 2014.

[12] *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) ("This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge].").

The Sixth Amendment provides for a constitutional right to assistance of counsel in "criminal prosecutions," not civil cases.[14]  However, even in a civil case, "if it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."[15]  This decision is left to the "sound discretion of the district court."[16]

In *Rucks v. Boergermann*,[17] judgment was entered against a pro se litigant in a jury trial case.  On appeal, the pro se litigant asserted that the magistrate judge erred in denying his prior motions for appointment of counsel.  The *Rucks* court noted that four factors are to be considered in deciding whether to appoint counsel.  They are: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[18]  After analyzing these factors, the *Rucks* court affirmed the denial of counsel, stating that: "While we do not quarrel with Mr. Rucks's assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."[19]

Here, the magistrate judge reviewed these factors and denied Mr. Heiner's previous request for appointed counsel.[20]  The magistrate judge correctly concluded that appointed counsel would not materially assist Mr. Heiner in pursuing his claim.  First, the merits of Mr. Heiner's claims are weak and it is unlikely Mr. Heiner would prevail on the merits even with the

---

[13] Order, docket no. 6, filed June 26, 2013 (denying Mr. Heiner's request for appointment of counsel).

[14] *See MacCuish v. United States*, 844 F.2d 733, 735-36 (10th Cir. 1988).

[15] *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1181 (10th Cir. 2003).

[16] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[17] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[18] *Id.*

[19] *Id.*

[20] Order, docket no. 6, filed June 26, 2013.

assistance of counsel.  Second, the factual issues raised in the claims are not extraordinarily difficult to understand or analyze.  Third, Mr. Heiner appears to be fully capable of presenting his claims.  And fourth, the relevant legal issues (subject matter jurisdiction) are not complex. Although Mr. Heiner now recites his medical history in an apparent argument about capacity to represent himself, no mention was made of this issue in earlier motions and there is no indication that Mr. Heiner is unable to aptly convey the messages he intends.  In fact, Mr. Heiner is a former attorney (disbarred)[21] who is more than capable of making arguments on his own behalf. It appears that Mr. Heiner is raising the capacity issues solely to revive his case *after* the magistrate judge has recommended dismissal.

"While we do not quarrel with Mr. [Heiner]'s assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."[22]  The problem in this case is simply that Mr. Heiner does not raise a colorable claim. Therefore, there is no basis for a ruling in his favor.

---

[21] "About Garth Farr Heiner" at 6-7, docket no. 33-2, filed June 6, 2014.

[22] *Rucks*, 57 F.3d at 979.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Accordingly, the Report and Recommendation is hereby ADOPTED,[23] and Mr. Heiner's objection is OVERRULED.

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants[24] is GRANTED and the claims against these Defendants are hereby DISMISSED with prejudice.

IT IS FURTHER ORDERED that the remaining claims against the remaining defendants are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Mr. Heiner's two motions for leave to amend his complaint[25] are DENIED.

IT IS FURTHER ORDERED that Mr. Heiner's motion for this court to take jurisdiction over a pending state court case[26] is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to remand[27] is deemed MOOT.

IT IS FURTHER ORDERED that Defendants' motion to strike[28] is deemed MOOT.

---

[23] Docket no. 48, entered March 11, 2014.

[24] Motion to Dismiss and Supporting Memorandum, docket no. 11, filed August 21, 2013.

[25] Plaintiff's Motion to Amend Complaint & Add & Subtract Defendants & to Otherwise Plead and Memorandum in Support Fed. Rule 15(a) & 21, docket no. 13, filed September 9, 2013; Plaintiff's Motion to Amend Complaint & Add & Subtract Defendants & to Otherwise Plead and Memorandum in Support Fed. Rule 15(a) & 21, 2001-2 28 U.S.C. 2201, docket no. 17, filed September 25, 2013.

[26] Motion for this Court to Take Jurisdiction of Ogden District Court Case No. 13903661 Which is a Motion to Transfer the Case to this Court, docket no. 24, filed December 5, 2013.

[27] Motion and Supporting Memorandum to Remand, and Memorandum in Opposition to Plaintiff's Motion for this Court to Take Jurisdiction of Ogden Court Case No. 13903661 Which is a Motion to Transfer the Case to this Court, docket no. 27, filed December 16, 2013.

[28] Motion and Supporting Memorandum to Strike or for Other Discretionary Relief, docket no. 22, filed November 19, 2013.

## ORDER

IT IS FURTHER ORDERED that Mr. Heiner's amended motion to appoint counsel[29] is

DENIED.

The Clerk shall close the case.


Dated September 27, 2014.

                                        BY THE COURT


                                        _____
                                        David Nuffer
                                        United States District Judge

---

[29] First [sic, *Second*] Amended Motion to Appoint an Attorney for Plaintiff with Support Memorandum & Affidavit, docket no. 34, filed June 17, 2014.